UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

A.P. and F.R., individually and on behalf of N-E.P.

                        Plaintiffs,                    Civ. No. 20-cv-1362

                                                  COMPLAINT

              -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                        Defendant.

_____

## PRELIMINARY STATEMENT

1. This is an action alleging that Defendant, the New York City Department of Education and the Board of Education (collectively "Defendant"), violated Plaintiffs' rights under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 ("Section 504"), as well as New York State law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' federal claims under the IDEA pursuant to 20 U.S.C. § 1415, 42 U.S.C. § 1988, and as an action raising a federal question under 28 U.S.C.§ 1331, and for the award of reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367.

3. Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as it is the judicial district in which Plaintiffs and Defendant are situated and/or reside.

4. N-E.P. is currently a student attending school in Manhattan.

## PARTIES

5. Plaintiffs A.P. and F.R. are the parents and natural guardians of N-E.P., a 10-year-old boy who has been diagnosed with, *inter alia*, Autism Spectrum Disorder ("Autism").[1]

6. A.P., F.R., and N-E.P. reside in Manhattan, New York.

7. N-E.P. is a student with a disability who is eligible for a Free Appropriate Public Education ("FAPE") under the IDEA.

8. N-E.P. is a qualified individual with a disability who is eligible for a FAPE under Section 504 and is protected from discrimination based upon his disability.

9. Upon information and belief, THE NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE") is a local educational agency ("LEA") as defined in the IDEA, and thus bears the responsibilities of an LEA under the IDEA and in the New York State Education Law.

10. Upon information and belief, the DOE is charged with the responsibility of developing policies with respect to the administration and operation of the public schools in the City of New York, including programs and services for students with disabilities. N.Y. Educ. Law § 2590-g (McKinney 1980).

11. Defendant is the LEA under the IDEA and state law.

12. Defendant is a recipient of federal financial assistance.

## LEGAL FRAMEWORK

13. The IDEA guarantees that all eligible children with disabilities, ages three through twenty-one, must be offered a FAPE. 20 U.S.C. § 1412(a) (1).

---

[1] Initials are used throughout this complaint in accordance with the IDEA, the Family Educational Rights and Private Act of 1974, Federal Rule of Civil Procedure 5.2, and the Electronic Case Filing Rules & Instructions of the Southern District of New York 21.3.

14. Not only children with disabilities have legal rights under IDEA; their parents are also entitled to assert legal rights on their own behalf. *Winkelman v. Parma City School Dist.*, 550 U.S. 516, 127 S.Ct. 1994, 1996 (2007).

15. One of the IDEA's most well-known due process rights is the right to request an impartial hearing "with respect to any matter relating to the identification, evaluation, or educational placement of [a] child" or the provision of FAPE to a child. 20 U.S.C. § 1415(b)(6)(A).

16. Thereafter, a parent "shall have an opportunity for an impartial due process hearing, which shall be conducted by the State Educational Agency ("SEA") or by the Local Education Agency ("LEA") as determined by State law or by the [SEA]." 20 U.S.C. § 1415(f)(1)(A).

17. The IDEA sets forth detailed requirements for hearing procedures. *See* 20 U.S.C. §1415(f); 34 C.F.R. §§ 300.511–516.35. In New York City, the DOE is responsible for ensuring that impartial hearings comport with the IDEA's requirements.

18. Congress, moreover, has abrogated state sovereign immunity "from suit in Federal court for a violation of [IDEA]." 20 U.S.C. § 1403(a). Thus, "[i]n a suit against a State for a violation of [IDEA], remedies (including remedies both at law and in equity) are available for such a violation to the same extent as those remedies are available for such a violation in the suit against any public entity other than a State." 20 U.S.C. § 1403(b).

19. One of IDEA's key procedural safeguards is "[a]n opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

20. In New York, the primary means for initiating a special education dispute is the filing of a written "request for an impartial due process hearing" with the DOE's Impartial Hearing Office. 8 NYCRR § 200.5(j). *See also* NYSED, Special Education, http://www.p12.nysed.gov/specialed/lawsregs/home.html (last updated July 19, 2019).

21. The written request shall include "the name of the student, the address of the residence of the student . . . the name of the school the student is attending, a description of the nature of the problem of the student relating to such proposed or refused initiation or charge, including facts relating to such problem, and a proposed resolution of the problem to the extent known and available to the party at the time." 8 NYCRR § 200.5(j)(1)(i)(i)–(v).

22. The respondent named in the Due Process Notice must be given notice of the request by the filing party. 8 NYCRR § 200.5(i)–(j). Upon receipt of the parent's due process complaint notice . . . the board of education shall arrange for an impartial due process hearing to be conducted.

23. Upon the issuance of a final decision and order, parties have forty calendar days to appeal the final order and decision ("FOFD") from the date the Impartial Hearing Officer issues the FOFD. N.Y. Educ. Law § 4404; 8 NYCRR § 279.4(a); *see also* N.Y. State Education Department, *How to Give Notice of Appeal*, OFFICE OF STATE REVIEW, https://www.sro.nysed.gov/book/how-give-notice-appeal (last visited Feb. 17, 2020).

24. Upon the expiration of the forty days, the FOFD becomes an unappealed decision and is then final and non-appealable.

25. Upon information and belief, the DOE's Impartial Hearing Order Implementation Unit is charged with timely complying with the FOFD.

26. In subsequent school years, a student may invoke pendency entitlements in a due process complaint for that subsequent school year. 20 U.S.C. §1415(j).

27. Under IDEA, a student's "stay put" program (also known as "pendency")[2] is an automatic and unconditional right. 20 U.S.C. § 1415(j).

28. DOE requires that students' pendency entitlements must first pass an additional threshold by requiring students' advocates to secure an Order of Pendency ("OP" also known as an Interim Order on Pendency or "IO") before it will honor a student's automatic and unconditional right to pendency. This is true even when the DOE does not contest the pendency program that was invoked.

29. Upon information and belief, the DOE is the only school district in New York that forces students and their advocates to seek an OP from an impartial hearing officer even when it does not contest the pendency invoked in the due process complaint.

30. Pendency is retroactive to the date of the filing of the due process complaint. *See Mackey v. Bd. of Educ.*, 386 F.3d 158, 163 (2d Cir. 2004).

31. Plaintiffs as the substantially prevailing party may recover reasonable attorneys' fees from Defendant pursuant to the fee-shifting provisions of IDEA and, in particular, 20 U.S.C. § 1415.

32. This action follows a trial that resulted in an impartial hearing officer's decision, on the merits, in *plaintiffs'* favor that also established plaintiffs' status as a substantially prevailing party for purposes of IDEA's fee-shifting provisions and upon the filing of a due process complaint for the 2019-2020 school year, wherein the N-E.P.'s pendency entitlements were invoked.

---

[2] The terms "stay put" and "pendency" are used interchangeably throughout this Complaint.

33. Plaintiffs seek to secure the statutory attorneys' fees and other recoverable costs that plaintiffs may be awarded in this fee application action and in the underlying administrative proceedings, as a prevailing party in impartial hearing case number 175313 pursuant to the express fee-shifting provisions of the federal IDEA statute, 20 U.S.C. §§ 1415(i)(3)(A)-(G).

FACTS

**2017-2018 School Year—Impartial Hearing Case Number 175313**

34. Plaintiffs filed a due process complaint on July 19, 2018, alleging a denial of FAPE for the 2017-2018 school year.

35. The due process complaint was processed under case number 175313.

36. A pre-hearing conference went forward on September 7, 2018.

37. A hearing on the merits of the case went forward on October 22, 2018.

38. Plaintiffs introduced thirty-one exhibits as evidence.

39. Defendants introduced no evidence.

40. Plaintiffs called four witnesses their case in chief.

41. Defendants called no witnesses and failed to put on a case.

42. On December 11, 2018, the impartial hearing officer issued the FOFD in Plaintiffs' favor.

43. Specifically, the impartial hearing officer ordered that the New York City Department of Education fund the cost of the student's 2017-2018 school year placement at the McCarton Center and the Manhattan Behavioral Center ("MBC") in the amounts of $42,282.33 and $72,018.00, respectively, by issuing payment directly to the parents within thirty (30) days of the date hereof; she further ordered the New York City Department of Education to directly reimburse the parents for the cost of transporting the student to and from The McCarton

Center and MBC during the 2017-2018 school year, in the amount of $10,067.87 by issuing payment directly to the parents within thirty (30) days of the date hereof.

44. DOE did not appeal the FOFD and it is now final and non-appealable.

45. As of the date of this complaint, Plaintiffs have complied with the order and have submitted the requisite documentation to support receiving reimbursement.

46. Despite many requests made to DOE's Impartial Hearing Office Implementation Unit, the DOE has not fully complied with the December 11, 2018 FOFD, and the transportation costs in the amount $10,067.87 remains owing and outstanding.

47. Plaintiffs are the prevailing party and are entitled to their reasonable attorneys' fees and costs.

48. This action is timely brought to recover attorneys' fees.

49. Under the fee-shifting provisions of the IDEA statute, plaintiffs should be awarded their reasonable attorneys' fees and other recoverable costs at the impartial hearing level and in their efforts to enforce the Order and this herein action in a total amount to be determined by this Court.

### 2018-2019 School Year—Impartial Hearing Case Number 180405

50. Plaintiffs filed a due process complaint on December 12, 2018, alleging a denial of FAPE for the 2018-2019 school year.

51. The due process complaint was processed under case number 180405.

52. A hearing on the student's pendency ("stay put") placement went forward on January 28, 2019.

53. An Interim Order on Pendency was issued on February 2, 2019.

54. Additional hearings went forward on March 11, 2019, April 12, 2019, May 22, 2019, and June 19, 2019.

55. Plaintiffs introduced sixteen documents into evidence.

56. Defendant introduced no documents into evidence.

57. Plaintiffs called three witnesses for their case in chief.

58. Defendants called no witnesses and failed to put on a case.

59. On August 18, 2019, the impartial hearing officer issued the FOFD in Plaintiffs' favor.

60. Specifically, the impartial hearing officer ordered that the New York City Department of Education fund the cost of the student's 2018-2019 school year placement at MBC, within thirty days of the submission of proof services rendered, proof of payment by the parents, and an affidavit from the school by setting forth the amount still standing) by issuing reimbursement to the parents for the amounts paid and by issuing direct payment to MBC for the balance due; she further ordered that the New York City Department of Education is directed to reimburse the parents for the cost of transportation during the period July 1, 2018 through October 23, 2018 by issuing payment to them in the amount of $4,039.76 within thirty days of the date hereof.

61. DOE did not appeal the FOFD and it is now final and non-appealable.

62. As of the date of this complaint, Plaintiffs have complied with the order and have submitted the requisite documentation to support receiving reimbursement.

63. Despite many requests made to DOE's Impartial Hearing Office Implementation Unit, the DOE has not fully complied with the August 18, 2019 FOFD.

64. Plaintiffs are the prevailing party and are entitled to their reasonable attorneys' fees and costs.

65. This action is timely brought to recover attorneys' fees.

66. Under the fee-shifting provisions of the IDEA statute, plaintiffs should be awarded their reasonable attorneys' fees and other recoverable costs at the impartial hearing level and in their efforts to enforce the Order and this herein action in a total amount to be determined by this Court.

## 2019-2020 School Year—Impartial Hearing Case Number 184479

67. On June 15, 2019, Plaintiffs throughout their counsel, sent the DOE the requisite ten day notice.

68. On July 1, 2019, Plaintiffs filed a due process complaint alleging a denial of FAPE for the 2019-2020 school year and invoking N-E.P.'s pendency entitlements.

69. The due process complaint was processed as case number 184479.

70. On August 28, 2019, a pre-hearing conference was held, and September 13, 2019 was selected as the pendency hearing date.

71. On September 13, 2019, a pendency hearing took place uncontested as the DOE failed to appear at the hearing.

72. Plaintiffs offered two documents as evidence of N-E.P.'s pendency entitlements.

73. On September 15, 2019, the impartial hearing officer issued an Order on Pendency, which ordered the following:

> For the reasons set forth on the Record at the September 13, 2019 hearing,
>
> IT IS HEREBY ORDERED that the Student's pendency program during the pendency of this proceeding and any appeals thereof is a twelve month school year placement at the Manhattan Behavioral Center; and it is further
>
> ORDERED that the New York City Department of Education is directed to fund the foregoing pendency program by reimbursing the Parent for any tuition paid to the school for the Student's enrollment at the school during the pendency of this proceeding and any appeals thereof upon the submission of a copy of the signed contract, proof of payment, and proof of attendance; and it is further

ORDERED that this order is *nunc pro tunc* to July 1, 2019.

74. The DOE did not appeal the pendency order.

75. As of the date of this complaint, Plaintiffs have complied with the order and have submitted the requisite documentation to support receiving reimbursement.

76. As of the date of this complaint, Defendants have failed to comply and have failed to make any reimbursement to Plaintiffs.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
THE IDEA - 2017-2018 School Year -Failure to Comply With the FOFD

69. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

70. Defendant has failed to implement fully the December 11, 2018 FOFD.

71. Plaintiffs have been prejudiced by Defendant's obligation pursuant to the order to fund N-E.P.'s program.

### SECOND CAUSE OF ACTION
THE IDEA - 2018-2019 School Year -Failure to Comply With the FOFD

72. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

73. Defendant has failed to implement fully the August 18, 2019 FOFD.

74. Plaintiffs have been prejudiced by Defendant's failure to fund N-E.P.'s program.

### THIRD CAUSE OF ACTION
THE IDEA - 2019-2020 School Year Pendency Entitlement

75. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully

set forth herein.

76. Defendant has repeatedly failed to implement N-E.P.'s stay put rights under the IDEA.

77. Defendant has repeatedly failed to comply with the IDEA's procedural requirements, including its mandate to provide N-E.P. with his stay put entitlements.

78. Defendant denied Plaintiffs their stay put rights under the IDEA and Plaintiffs have been prejudiced by Defendant's failure to fund N-E.P.'s program.

## FOURTH CAUSE OF ACTION
## ATTORNEYS' FEES

79. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

80. Defendant has not paid any attorneys' fees or costs to Plaintiffs incurred for the 2017-2018 and 2018-2019 school years actions.

81. Plaintiffs are the substantially prevailing party and are entitled to an award of costs and reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(3)(A)-(G).

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that the Court:

i. Assume jurisdiction over this action;

ii. Issue a TRO and preliminary injunction directing Defendant to immediately implement the FOFDs dated December 11, 2018 and August 18, 2019;

iii. Issue a TRO and preliminary injunction directing Defendant to immediately implement N-E.P.'s stay put rights as per the September 15, 2019 order by, *inter alia,* immediately funding the Manhattan Behavioral Center and the providers who are delivering services

       to N-E.P. as of July 1, 2019;

iv. Order Defendant to place funds in escrow sufficient to fund N-E.P.'s program through June 30, 2020;

v. Issue a preliminary and permanent injunction directing Defendant:

    (a) to implement the decisions; and

    (b) award additional equitable relief to remedy the failure to implement the decisions and N-E.P.'s stay put services.

vi. Award Plaintiffs reasonable attorneys' fees and costs in accordance with Plaintiffs' status as the prevailing party in the 2017-2018 and 2018-2019 impartial hearings and the work implementing those decisions;

vii. Award Plaintiff reasonable attorneys' fees and costs incurred in connection with this action;

viii. Award such other, and further, relief as to the Court may seem just and proper.

Dated: February 17, 2020
      NEW YORK, NEW YORK

                                          Respectfully submitted,
                                          SPENCER WALSH LAW, PLLC

                                          /s/ Tracey Spencer Walsh
                                          Tracey Spencer Walsh
                                          Spencer Walsh Law, PLLC
                                          625 W. 57th Street, Suite 1810
                                          New York, New York 10019
                                          Tel. 212-401-1959
                                          Email: tracey@spencerwalshlaw.com